**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **WEST AFRICAN VENTURES** | § | **JUDGE _____** |
| **LIMITED and SEA TRUCKS** | § | |
| **GROUP FZE** | § | |
| | § | **MAGISTRATE _____** |
| *Plaintiffs,* | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO.** |
| **RANGER OFFSHORE, INC.** | § | **17-548** |
| **AND SUNTX CAPITAL** | § | |
| **PARTNERS II GP, LP** | § | |
| | § | |
| | § | |
| *Defendants.* | § | |

<u>**ORIGINAL COMPLAINT**</u>

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COME NOW, Plaintiffs, West African Ventures Limited and Sea Trucks Group FZE (collectively, "Plaintiffs") and file this Original Complaint for damages against Defendants, Ranger Offshore, Inc. and SunTx Capital Partners II GP, LP (collectively, "Defendants"), and would respectfully show the Court as follows:

<u>**PARTIES**</u>

1.      West African Ventures Limited ("WAV") is a corporation organized under the laws of Nigeria, with its principal place of business in Lagos, Nigeria.

2.      Sea Trucks Group FZE ("STG") is a corporation organized under the laws of the Emirate of Sharjah, United Arab Emirates, with its principal place of business in Sharjah, United Arab Emirates.

3.      Ranger Offshore, Inc. ("Ranger") is a Delaware corporation with its principal place of business in Houston, Texas.  Ranger can be served through its registered agent for service of process, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, TX 75201.

4.      SunTx Capital Partners II GP, LP ("SunTx") is a Texas limited partnership with its principal place of business in Dallas, Texas.  SunTX can be served through its registered agent, Craig Jennings, at Two Lincoln Center, 5420 LBJ Freeway, Suite 1000, Dallas, TX 75240.

## JURISDICTION

5.      This Honorable Court has diversity jurisdiction over the above styled proceeding under 28 U.S.C. § 1332 because complete diversity exists and the matter in controversy exceeds the sum of $75,000.  Specifically, this action involves citizens of a State and citizens of foreign states where none of the citizens of foreign states are lawfully admitted for permanent residence in the United States or domiciled in the same State.  *See* 28 U.S.C. §1332(a)(2).  Texas law applies to this dispute according to the express terms of the payment guarantees underlying this action.

## VENUE

6.      Venue is proper in this Honorable Court under 28 U.S.C. § 1391(b)(1).  Additionally, both of the payment guarantees at issue require suit in the United States District Court for the Southern District of Texas.

## CONDITIONS PRECEDENT

7.      All conditions precedent to Plaintiffs' claims for relief have been performed or have occurred.

## OVERVIEW

8.      WAV and Sea Trucks seek to enforce eight (8) Payment Guarantees provided by Ranger and SunTX in respect of two projects relating to oil and gas exploration and gas production

2

offshore Nigeria undertaken by Ranger's subsidiaries, Ranger Subsea Nigeria Limited ("Ranger Subsea") and Ranger International, Limited ("Ranger International") for Shell and Conoil. (Shell and Conoil are not defendants in this action). WAV and/or Sea Trucks chartered various vessels to Ranger Subsea pursuant to certain charterparties and rented equipment and provided personnel services to Ranger International pursuant to various contracts to support those projects. Ranger Subsea and Ranger International have failed to make payment to WAV and/or Sea Trucks in accordance with the underlying charterparty agreements and equipment rental and personnel services contracts. Pursuant to the Payment Guarantees below, Ranger and SunTX guaranteed payment under the charterparty agreements and equipment/personnel contracts "as primary obligor and not merely as surety." Therefore, Sea Trucks and WAV seek to enforce those Payment Guarantees against Ranger and SunTX for the amounts unpaid by Ranger Subsea and/or Ranger International. Both Payment Guarantees are subject to Texas law and require suit in the United States District Court for the Southern District of Texas.

## **EXHIBITS**

9.      WAV and Sea Trucks rely on and incorporate by reference the following Exhibits:

The Shell Project

Exhibit 1:      WAV-Ranger Shell Payment Guarantee, dated November 25, 2015

Exhibit 2:      JASCON 2 Charterparty documents for the Shell project

Exhibit 3:      JASCON 29 Charterparty documents for the Shell project

Exhibit 4:      WALVIS 1/JASCON 52 Charterparty documents for the Shell project

Exhibit 5:      JASCON 53 Shell Charterparty Documents for the Shell project

Exhibit 6:      WAV-SunTx Shell Payment Guarantee, dated November 25, 2015

Exhibit 7:      STG-Ranger Shell Payment Guarantee, dated November 25, 2015

Exhibit 8:      Ranger-Shell Services Agreement, dated June 15, 2015 for the Shell project

Exhibit 9:      STG-SunTx Shell Payment Guarantee, dated November 25, 2015

The Conoil Project

Exhibit 10:     WAV-Ranger Conoil Payment Guarantee, dated February 16, 2016

Exhibit 11:     JASCON 2 Charterparty documents for the Conoil project

Exhibit 12:     JASCON 45 Charterparty documents for the Conoil project

Exhibit 13:     JASCON 53 Charterparty documents for the Conoil project

Exhibit 14:     WAV-SunTx Conoil Payment Guarantee, dated February 16, 2016

Exhibit 15:     STG-Ranger Conoil Payment Guarantee, dated February 16, 2016

Exhibit 16:     Ranger-Conoil Services Agreement, dated February 13, 2016

Exhibit 17:     STG-SunTx Conoil Payment Guarantee, dated February 16, 2016

## FACTS

### (I)   THE SHELL PROJECT:  THE CHARTERPARTIES

#### A. *The WAV-Ranger Shell Payment Guarantee*

10.     WAV and Ranger are parties to the Payment Guarantee (Parent), dated November 25, 2015 (the "WAV-Ranger Shell Payment Guarantee", **Exhibit 1**), whereby Ranger guaranteed the obligations of its subsidiary, Ranger Subsea, to WAV under four charterparties entered in connection with Ranger Subsea's project with Shell involving oil and gas exploration and production offshore Nigeria.  Specifically, Ranger provided a payment guarantee for the following:

a. **JASCON 2:**  Charterparty between WAV and Gladtrico International Limited ("Gladtrico") for the hire of "JASCON 2," dated April 27, 2015 (as amended and assigned, the "JASCON 2 Shell Charterparty").  *See* WAV-Ranger Shell Payment Guarantee, attached hereto as **Exhibit 1**, at Recitals ¶A.  Gladtrico subsequently assigned the JASCON 2 Shell Charterparty to Ranger Subsea via Deed of Assignment, dated April 27, 2015 (the "JASCON 2 Shell Charterparty Assignment"), by which Ranger Subsea agreed to accept liability for all sums due to WAV under the JASCON

4

2 Shell Charterparty regardless of whether such liability arose before or after the effective date of the JASCON 2 Shell Charterparty Assignment. *See* JASCON 2 Shell Charterparty Documents, attached hereto as **Exhibit 2**;

b. **JASCON 29:** Charterparty between WAV and Gladtrico for the hire of "JASCON 29," dated April 27, 2015 (as amended and assigned, the "JASCON 29 Shell Charterparty"). *See* WAV-Ranger Shell Payment Guarantee at Recitals, ¶B. Gladtrico subsequently assigned the JASCON 29 Shell Charterparty to Ranger Subsea via Deed of Assignment, dated April 27, 2015 (the "JASCON 29 Shell Charterparty Assignment"), by which Ranger Subsea agreed to accept liability for all sums due to WAV under the JASCON 29 Shell Charterparty regardless of whether such liability arose before or after the effective date of the JASCON 29 Shell Charterparty Assignment. *See* JASCON 29 Shell Charterparty Documents, attached hereto as **Exhibit 3**;

c. **WALVIS 1/JASCON 52:** Charterparty between WAV and Gladtrico for the hire of "WALVIS 1," dated April 27, 2015 (as amended and assigned, the "WALVIS 1 Shell Charterparty"). *See* WAV-Ranger Shell Payment Guarantee at Recitals, ¶D. Gladtrico subsequently assigned the WALVIS 1 Shell Charterparty to Ranger Subsea via Deed of Assignment, dated April 27, 2015 (the "WALVIS 1 Shell Charterparty Assignment"), by which Ranger Subsea agreed to accept liability for all sums due to WAV under the WALVIS 1 Shell Charterparty regardless of whether such liability arose before or after the effective date of the WALVIS 1 Shell Charterparty Assignment. *See* WALVIS 1 Shell Charterparty Documents, attached hereto as **Exhibit 4.** The "WALVIS 1" was later replaced by the "JASCON 52" pursuant to Addendum No. 2 to the WALVIS 1 Shell Charterparty. *See id.*

d. **JASCON 53:** Charterparty between WAV and Ranger Subsea for the hire of "JASCON 53" dated August 1, 2015 (as subsequently amended, the "JASCON 53 Shell Charterparty"). *See* WAV-Ranger Shell Payment Guarantee at Recitals, ¶C; *see also* JASCON 53 Shell Charterparty Documents, attached hereto as **Exhibit 5**.

11.     Pursuant to the WAV-Ranger Shell Payment Guarantee, Ranger has waived its right to challenge the validity and legally binding nature of the JASCON 2 Shell Charterparty, the JASCON 29 Shell Charterparty Assignment, the JASCON 29 Shell Charterparty, the JASCON 29 Shell Charterparty Assignment, the WALVIS 1 Shell Charterparty, the WALVIS 1 Shell Charterparty Assignment, the JASCON 53 Shell Charterparty, and all related addenda

(collectively, the "Shell Charterparties").  *See* WAV-Ranger Shell Payment Guarantee, **Exhibit 1,** at ¶1.  Further, Ranger has accepted and agreed that the Shell Charterparties are legally enforceable by WAV against Ranger Subsea.  *See id.*

12.     The WAV-Ranger Shell Payment Guarantee further states:

> **Guarantee**.     [Ranger] hereby unconditionally acknowledges that [Ranger Subsea] is indebted to [WAV] under the [Shell Charterparties] for the amounts set out in the Statement of Account attached hereto as at the dates described therein.     [Ranger] acknowledges that the Statement of Account is accurate and that the sums which are said to be due and owing are admitted debts of [Ranger Subsea], are not contested and that [Ranger Subsea] has no right of set-off, deduction or other claim or defence in respect thereof except as may be expressly agreed in writing between [Ranger Subsea] and [WAV] or may have been determined by a competent tribunal under the [Shell Charterparties]. [Ranger] hereby unconditionally and irrevocably guarantees as primary obligor and not merely as surety, to [WAV], its successors and assigns: the full and prompt performance by [Ranger Subsea], its successors and assigns, for: the full payment of all amounts due from [Ranger Subsea] to [WAV] under the [Shell Charterparties] and which are outstanding, and all future payments that become due under the [Shell Charterparties] by [Ranger Subsea] whether or not invoices in respect of such amounts have been issued as of the date of this Guarantee ("Guaranteed Obligations").  [Ranger] shall pay in full and satisfy such Guaranteed Obligations on [WAV's] first written demand.  [WAV] shall not be required to make or pursue any claim against [Ranger Subsea] or any other Person prior to making a demand under this Guarantee.  [WAV] may make one or more demands under this Guarantee.

WAV-Ranger Shell Payment Guarantee, **Exhibit 1**, at ¶4.

13.     Ranger's obligations under the WAV-Ranger Shell Payment Guarantee encompass all of the Guaranteed Obligations (as defined therein), regardless of whether such liability or payment date arises before or after the WAV-Ranger Shell Payment Guarantee's effective date. *See id.* at ¶6.

14.     The WAV-Ranger Shell Payment Guarantee specifically obligates Ranger to ensure that Ranger Subsea pays all accrued and unpaid debt under the Shell Charterparties as set

forth in the attached Statement of Account in accordance with a detailed payment schedule. *See* WAV-Ranger Shell Payment Guarantee, **Exhibit 1**, at ¶8(i). Additionally, Ranger must ensure that all amounts invoiced after the effective date of the WAV-Ranger Shell Payment Guarantee are paid to WAV within 180 days of the WAV-Ranger Shell Payment Guarantee's execution date, which was November 25, 2015. *See id.* at (ii).

15. Payments made pursuant to the WAV-Ranger Shell Payment Guarantee are to be made in United States Dollars, regardless of the currency of the original invoice. *See id.* at ¶¶7 and 9. The WAV-Ranger Shell Payment Guarantee further provides that Nigerian Naira are to be converted to United States Dollars at an exchange rate of US$1 to 210 Nigerian Naira. *Id.* at ¶9.

16. The WAV-Ranger Shell Payment Guarantee is to be governed and construed under Texas law. *See id.* at ¶17. The WAV-Ranger Shell Payment Guarantee further provides that any disputes arising thereunder shall be subject to the jurisdiction of the United States District Court for the Southern District of Texas, Houston Division. *See id.*

### B. *The WAV-SunTx Shell Payment Guarantee*

17. Ranger Subsea's obligations to WAV under the Shell Charterparties are also guaranteed by SunTx under the Payment Guarantee (Parent) between WAV and SunTx, dated November 25, 2015 (the "WAV-SunTx Shell Payment Guarantee"). *See* WAV-SunTx Shell Payment Guarantee, attached hereto as **Exhibit 6**, at Recitals; *see also*, **Exhibits 2-5**.

18. Pursuant to the WAV-SunTx Shell Payment Guarantee, SunTx has waived its right to challenge the validity and legally binding nature of any of the Shell Charterparties. *See* WAV-SunTx Shell Payment Guarantee, **Exhibit 6,** at ¶1. Further, SunTx has accepted and agreed that the Shell Charterparties are legally enforceable by WAV against Ranger Subsea. *See id.*

19. The WAV-SunTx Shell Payment Guarantee further states:

> **Guarantee**. [SunTx] hereby unconditionally acknowledges that [Ranger Subsea] is indebted to [WAV] under the [Shell Charterparties] for the amounts set out in the Statement of Account attached hereto as at the dates described therein. [SunTx] acknowledges that the Statement of Account is accurate and that the sums which are said to be due and owing are admitted debts of [Ranger Subsea], are not contested and that [Ranger Subsea] has no right of set-off, deduction or other claim or defence in respect thereof except as may be expressly agreed in writing between [Ranger Subsea] and [WAV] or may have been determined by a competent tribunal under the [Shell Charterparties]. [SunTx] hereby unconditionally and irrevocably guarantees as primary obligor and not merely as surety, to [WAV], its successors and assigns: the full and prompt performance by [Ranger Subsea], its successors and assigns, for: the full payment of all amounts due from [Ranger Subsea] to [WAV] under the [Shell Charterparties] and which are outstanding, and all future payments that become due under the [Shell Charterparties] by [Ranger Subsea] whether or not invoices in respect of such amounts have been issued as of the date of this Guarantee ("Guaranteed Obligations"). [SunTx] shall pay in full and satisfy such Guaranteed Obligations on [WAV's] first written demand. [WAV] shall not be required to make or pursue any claim against [Ranger Subsea] or any other Person prior to making a demand under this Guarantee. [WAV] may make one or more demands under this Guarantee.

WAV-SunTx Payment Guarantee, **Exhibit 6,** at ¶4.

20. SunTx's obligations under the WAV-SunTx Shell Payment Guarantee encompass all of the Guaranteed Obligations (as defined therein), regardless of whether such liability or payment date arises before or after the WAV-SunTx Shell Payment Guarantee's effective date. *See id.* at ¶6.

21. The WAV-SunTx Shell Payment Guarantee specifically obligates SunTx to ensure that Ranger Subsea pays all accrued and unpaid debt under the Shell Charterparties as set forth in the attached Statement of Account in accordance with a detailed payment schedule. *See* WAV-SunTx Shell Payment Guarantee, **Exhibit 6,** at ¶8(i). Additionally, SunTx must ensure that all amounts invoiced after the effective date of the WAV-SunTx Payment Guarantee are paid to WAV

within 180 days of the WAV-SunTx Shell Guarantee's execution date, which was November 25, 2015. *See id.* at (ii).

22.     Payments made pursuant to the WAV-SunTx Shell Payment Guarantee are to be made in United States Dollars, regardless of the currency of the original invoice. *See id.* at ¶¶7 and 9. The WAV-SunTx Shell Payment Guarantee further provides that Nigerian Naira are to be converted to United States Dollars at an exchange rate of US$1 to 210 Nigerian Naira. *See id.* at ¶9.

23.     The WAV-SunTx Shell Payment Guarantee is to be governed and construed under Texas law. *See id.* at ¶17. The WAV-SunTx Shell Payment Guarantee further provides that any disputes arising thereunder shall be subject to the jurisdiction of the United States District Court for the Southern District of Texas, Houston Division. *See id.*

**C. *Ranger Subsea's Breach of Its Payment Obligations Under the Shell Charterparties***

24.     The payment terms set forth in the Shell Charterparties required payment by Ranger Subsea to WAV within seven (7) days of receipt of WAV's invoice. *See* **Exhibits 2-5**, at Part I, Box 24 and Part II, ¶12(e).

25.     Ranger Subsea has breached its payment obligations by failing to make payments in accordance with the terms of the Shell Charterparties. Specifically, Ranger Subsea owes WAV NAI 188,772,884.79 (approximately $898,918.50 at the applicable contract exchange rate).

26.     In addition to the principal amount owing under the Shell Charterparties, WAV is entitled to interest on the outstanding amount at a rate of 9% + LIBOR. *See* **Exhibits 2-5** at Part I, Box 25 and Part II, 12(e). As of the filing of this Original Complaint, the total amount due from Ranger Subsea under the Shell Charterparties, including interest, is $934,940.13 (the "Shell Charterparties Debt").

27.     The Shell Charterparties Debt is a Guaranteed Obligation under the WAV-Ranger Shell Payment Guarantee and the Wav-SunTx Shell Payment Guarantee.

28.     Ranger is liable for the entirety of the Shell Charterparties Debt under the WAV-Ranger Shell Payment Guarantee.

29.     SunTx is liable for the entirety of the Shell Charterparties Debt under the WAV-SunTx Shell Payment Guarantee.

30.     WAV has made demand on Ranger under the WAV-Ranger Shell Payment Guarantee.  To date, Ranger has not paid any portion of the Shell Charterparties Debt.

31.     WAV made demand on SunTx under the WAV-SunTx Shell Payment Guarantee.  To date, SunTx has not paid any portion of the Shell Charterparties Debt.

**(II)     THE SHELL PROJECT: THE SERVICES AGREEMENT**

**A.  *STG-Ranger Shell Payment Guarantee***

32.     STG and Ranger are parties to the Payment Guarantee (Parent), dated November 25, 2015 (the "STG-Ranger Shell Payment Guarantee"), whereby Ranger guaranteed Ranger International's obligations to STG under the Equipment Rental and Personnel Services Agreement dated June 12, 2015 (the "Ranger-Shell Services Agreement") entered in connection with the Shell project.  *See* STG-Ranger Shell Payment Guarantee, attached hereto as **Exhibit 7**, at Recitals; *see also,* the Ranger-Shell Services Agreement, attached hereto as **Exhibit 8**.

33.     Pursuant to the STG-Ranger Shell Payment Guarantee, Ranger has waived its right to challenge the validity and legally binding nature of the Ranger-Shell Services Agreement.  *See*, STG-Ranger Shell Payment Guarantee, **Exhibit 7**, at ¶1.  Further, Ranger has accepted and agreed that the Shell Services Agreement is legally enforceable by STG against Ranger International.  *See id.*

10

34.     The STG-Ranger Shell Payment Guarantee further states:

> **Guarantee**.   [Ranger] hereby unconditionally acknowledges that [Ranger International] is indebted to [STG] under the [Ranger-Shell Services Agreement] for the amounts set out in the Statement of Account attached hereto as at the dates described therein.   [Ranger] acknowledges that the Statement of Account is accurate and that the sums which are said to be due and owing are admitted debts of [Ranger International], are not contested and that [Ranger International] has no right of set-off, deduction or other claim or defence in respect thereof except as may be expressly agreed in writing between [Ranger International] and [STG] or may have been determined by a competent tribunal under the [Ranger-Shell Services Agreement].   [Ranger] hereby unconditionally and irrevocably guarantees as primary obligor and not merely as surety, to [STG], its successors and assigns:   the full and prompt performance by [Ranger International], its successors and assigns, for:   the full payment of all amounts due from [Ranger International] to [STG] under the [Shell Services Agreement] and which are outstanding, and all future payments that become due under the [Ranger-Shell Services Agreement]  by [Ranger International] whether or not invoices in respect of such amounts have been issued as of the date of this Guarantee ("Guaranteed Obligations").   [Ranger] shall pay in full and satisfy such Guaranteed Obligations on [STG's] first written demand.   [STG] shall not be required to make or pursue any claim against [Ranger International] or any other Person prior to making a demand under this Guarantee.   [STG] may make one or more demands under this Guarantee.

STG-Ranger Shell Payment Guarantee, **Exhibit 7,** at ¶4.

35.     Ranger's obligations under the STG-Ranger Shell Payment Guarantee encompass all of the Guaranteed Obligations (as defined therein), regardless of whether such liability or payment date arises before or after the STG-WAV Shell Payment Guarantee's effective date.  *See id.* at ¶6.

36.     The STG-Ranger Shell Payment Guarantee is to be governed and construed under Texas law.  *See id.* at ¶16.  The STG-Ranger Shell Payment Guarantee further provides that any disputes arising thereunder shall be subject to the jurisdiction of the United States District Court for the Southern District of Texas, Houston Division.  *See id.*

### B. *STG-SunTx Shell Payment Guarantee*

37.     Ranger Limited's obligations to STG under the Shell Services Agreement are also guaranteed by SunTx under the Payment Guarantee (Parent), dated November 25, 2015 (the "STG-SunTx Shell Payment Guarantee").   *See* STG-SunTx Shell Payment Guarantee, attached hereto **as Exhibit 9,** at Recitals; *see also,* the Ranger-Shell Services Agreement, attached hereto as **Exhibit 8**.

38.     Pursuant to the STG-SunTx Shell Payment Guarantee, SunTx has waived its right to challenge the validity and legally binding nature of the Ranger-Shell Services Agreement.  *See* STG-Ranger Shell Payment Guarantee, **Exhibit 9,** at ¶1.  Further, Ranger has accepted and agreed that the Ranger-Shell Services Agreement is legally enforceable by STG against Ranger International.  *See id.*

39.     The STG-SunTx Shell Payment Guarantee further states:

> **Guarantee**.   [Ranger] hereby unconditionally acknowledges that [Ranger International] is indebted to [STG] under the [Ranger-Shell Services Agreement] for the amounts set out in the Statement of Account attached hereto as at the dates described therein.  [Ranger] acknowledges that the Statement of Account is accurate and that the sums which are said to be due and owing are admitted debts of [Ranger International], are not contested and that [Ranger International] has no right of set-off, deduction or other claim or defence in respect thereof except as may be expressly agreed in writing between [Ranger International] and [STG] or may have been determined by a competent tribunal under the [Ranger-Shell Services Agreement].  [Ranger] hereby unconditionally and irrevocably guarantees as primary obligor and not merely as surety, to [STG], its successors and assigns:  the full and prompt performance by [Ranger International], its successors and assigns, for: the full payment of all amounts due from [Ranger International] to [STG] under the [Ranger-Shell Services Agreement] and which are outstanding, and all future payments that become due under the [Services Agreement]  by [Ranger International] whether or not invoices in respect of such amounts have been issued as of the date of this Guarantee ("Guaranteed Obligations").  [Ranger] shall pay in full and satisfy such Guaranteed Obligations on [STG's] first written demand.   [STG] shall not be required to make or pursue any claim

against [Ranger International] or any other Person prior to making a demand under this Guarantee. [STG] may make one or more demands under this Guarantee.

STG-SunTx Shell Payment Guarantee, **Exhibit 9**, at ¶4.

40. SunTx's obligations under the STG-SunTx Shell Payment Guarantee encompass all of the Guaranteed Obligations (as defined therein), regardless of whether such liability or payment date arises before or after the STG-SunTx Shell Payment Guarantee's effective date. *See id.* at ¶6.

41. The STG-SunTx Shell Payment Guarantee is to be governed and construed under Texas law. *See id.* at ¶16. The STG-SunTx Shell Payment Guarantee further provides that any disputes arising thereunder shall be subject to the jurisdiction of the United States District Court for the Southern District of Texas, Houston Division. *See id.*

C. ***Ranger International's Breach of Its Payment Obligations Under the Ranger-Shell Services Agreement***

42. The payment terms set forth in the Ranger-Shell Services Agreement require payment by Ranger International to STG in advance on the first day of every month or within 15 days of receipt by Ranger International of an invoice from STG. *See* Shell Services Agreement, **Exhibit 9,** at ¶3.2.

43. Ranger International has breached its payment obligations by failing to make payments in accordance with the terms of the Ranger-Shell Services Agreement. Specifically, Ranger International owes the principal amount of $585,304.04 to STG under the Ranger-Shell Services Agreement.

44. In addition to the principal amount owing under the Ranger-Shell Services Agreement, STG is entitled to interest on the outstanding amount at a rate of 10% per annum. *See* Ranger-Shell Services Agreement, **Exhibit 8,** at ¶3.3. As of the filing of this Original Complaint,

the total amount due from Ranger International under the Ranger-Shell Services Agreement, including interest, is $638,298.77 (the "Ranger-Shell Services Agreement Debt").

45.     The Ranger-Shell Services Agreement Debt is a Guaranteed Obligation under the STG-Ranger Shell Payment Guarantee and the STG-SunTx Shell Payment Guarantee.

46.     Ranger is liable for the entirety of the Ranger-Shell Services Agreement Debt under the STG-Ranger Shell Payment Guarantee.

47.     SunTx is liable for the entirety of the Ranger-Shell Services Agreement Debt under the STG-SunTx Shell Payment Guarantee.

48.     STG has made demand on Ranger under the STG-Ranger Shell Payment Guarantee.  To date, Ranger has not paid any portion of the Ranger-Shell Services Agreement Debt.

49.     STG has made demand on SunTx under the STG-SunTx Shell Payment Guarantee. To date, SunTx has not paid any portion of the Ranger-Shell Services Agreement Debt.

**(III)     THE CONOIL PROJECT: THE CHARTERPARTIES**

**A.  *The WAV-Ranger Conoil Payment Guarantee***

50.     WAV and Ranger are parties to the Payment Guarantee (Parent), dated February 16, 2016 (the "WAV-Ranger Conoil Payment Guarantee"), whereby Ranger guaranteed Ranger Subsea's obligations to WAV under three charterparties entered in connection with Ranger Subsea's project with Conoil involving oil and gas exploration and production offshore Nigeria. Specifically, Ranger provided a payment guarantee for the following:

  a.     **JASCON 2:**  Charterparty between WAV and Ranger Subsea for the hire of "JASCON 2," dated January 19, 2016 (the "JASCON 2 Conoil Charterparty).  *See* WAV-Ranger Conoil Payment Guarantee, attached hereto as **Exhibit 10**, at Recitals ¶A; *see also,* JASCON 2 Conoil Charterparty, attached hereto as **Exhibit 11**, at Annex C, Clause 41;

14

b. **JASCON 45:**  Charterparty between WAV and Ranger Subsea for the hire of "JASCON 45," dated January 19, 2016 (the "JASCON 45 Conoil Charterparty).  *See* WAV-Ranger Conoil Payment Guarantee, **Exhibit 10,** at Recitals, ¶B; *see also,* JASCON 45 Conoil Charterparty, attached hereto as **Exhibit 12**, at Annex C, Clause 39; and

c. **JASCON 53:**  Charterparty between WAV and Ranger Subsea for the hire of "JASCON 53," dated January 19, 2016 (the "JASCON 53 Conoil Charterparty").  *See* WAV-Ranger Conoil Payment Guarantee, **Exhibit 10**, at Recitals, ¶C; *see also,* JASCON 53 Conoil Charterparty, attached hereto as **Exhibit 13**, at Annex C, Clause 39.

51.    Pursuant to the WAV-Ranger Conoil Payment Guarantee, Ranger has waived its right to challenge the validity or legally binding nature of the JASCON 2 Conoil Charterparty, the JASCON 45 Conoil Charterparty, the JASCON 53 Conoil Charterparty, and all related addenda (collectively, the "Conoil Charterparties").  *See* WAV-Ranger Conoil Payment Guarantee, **Exhibit 10**, at ¶1.  Further, Ranger has accepted and agreed that the Conoil Charterparties are legally enforceable by WAV against Ranger Subsea.  *See id.*

52.    The WAV-Ranger Conoil Payment Guarantee further states:

> **Guarantee**.  [Ranger] hereby unconditionally acknowledges that [Ranger Subsea] is indebted to [WAV] under the [Conoil Charterparties] for the amounts set out in the Statement of Account attached hereto as at the dates described therein.  [Ranger] acknowledges that the Statement of Account is accurate and that the sums which are said to be due and owing are admitted debts of [Ranger Subsea], are not contested and that [Ranger Subsea] has no right of set-off, deduction or other claim or defence in respect thereof except as may be expressly agreed in writing between [Ranger Subsea] and [WAV] or may have been determined by a competent tribunal under the [Conoil Charterparties].  [Ranger] hereby unconditionally and irrevocably guarantees as primary obligor and not merely as surety, to [WAV], its successors and assigns:  the full and prompt performance by [Ranger Subsea], its successors and assigns, for: the full payment of all amounts due from [Ranger Subsea] to [WAV] under the [Conoil Charterparties] and which are outstanding, and all future payments that become due under the [Conoil Charterparties] by [Ranger Subsea] whether or not invoices in respect of such amounts have been issued as of the date of this Guarantee ("Guaranteed Obligations").  [Ranger] shall pay in full

and satisfy such Guaranteed Obligations on [WAV's] first written demand. [WAV] shall not be required to make or pursue any claim against [Ranger Subsea] or any other Person prior to making a demand under this Guarantee. [WAV] may make one or more demands under this Guarantee.

WAV-Ranger Conoil Payment Guarantee, **Exhibit 10**, at ¶4.

53.     Ranger's obligations under the WAV-Ranger Conoil Payment Guarantee encompass all of the Guaranteed Obligations (as defined therein), regardless of whether such liability or payment date arises before or after the WAV-Ranger Conoil Payment Guarantee's effective date. *See id.* at ¶6.

54.     Payments made pursuant to the WAV-Ranger Conoil Payment Guarantee are to be made in United States Dollars, regardless of the currency of the original invoice. *See id.* at ¶¶7 and 9. The WAV-Ranger Conoil Payment Guarantee further provides that Nigerian Naira are to be converted to United States Dollars at an exchange rate of US$1 to 220 Nigerian Naira. *See id.* at ¶9.

55.     The WAV-Ranger Conoil Payment Guarantee is to be governed and construed under Texas law. *See id.* at ¶17. The WAV-Ranger Conoil Payment Guarantee further provides that any disputes arising thereunder shall be subject to the jurisdiction of the United States District Court for the Southern District of Texas, Houston Division. *See id.*

**B.** *The WAV-SunTx Conoil Payment Guarantee*

56.     Ranger Subsea's obligations to WAV under the Conoil Charterparties are also guaranteed by SunTx under the Payment Guarantee (Parent) between WAV and SunTx, dated February 16, 2016 (the "WAV-SunTx Conoil Payment Guarantee"). *See* WAV-SunTx Conoil Payment Guarantee, attached hereto as **Exhibit 14**, at Recitals; *see also,* **Exhibits 11-13**, at Appendix C.

16

57.     Pursuant to the WAV-SunTx Conoil Payment Guarantee, SunTx has waived its right to challenge the validity or legally binding nature of any of the Conoil Charterparties.  *See* WAV-SunTx Conoil Payment Guarantee, **Exhibit 14**, at ¶1.  Further, SunTx has accepted and agreed that the Conoil Charterparties are legally enforceable by WAV against Ranger Subsea.  *See id.*

58.     The WAV-SunTx Conoil Payment Guarantee further states:

> **Guarantee**.   [SunTx] hereby unconditionally acknowledges that [Ranger Subsea] is indebted to [WAV] under the [Conoil Charterparties] for the amounts set out in the Statement of Account attached hereto as at the dates described therein.  [SunTx] acknowledges that the Statement of Account is accurate and that the sums which are said to be due and owing are admitted debts of [Ranger Subsea], are not contested and that [Ranger Subsea] has no right of set-off, deduction or other claim or defence in respect thereof except as may be expressly agreed in writing between [Ranger Subsea] and [WAV] or may have been determined by a competent tribunal under the [Conoil Charterparties].   [SunTx] hereby unconditionally and irrevocably guarantees as primary obligor and not merely as surety, to [WAV], its successors and assigns:  the full and prompt performance by [Ranger Subsea], its successors and assigns, for: the full payment of all amounts due from [Ranger Subsea] to [WAV] under the [Conoil Charterparties] and which are outstanding, and all future payments that become due under the [Conoil Charterparties] by [Ranger Subsea] whether or not invoices in respect of such amounts have been issued as of the date of this Guarantee ("Guaranteed Obligations").  [SunTx] shall pay in full and satisfy such Guaranteed Obligations on [WAV's] first written demand.  [WAV] shall not be required to make or pursue any claim against [Ranger Subsea] or any other Person prior to making a demand under this Guarantee.  [WAV] may make one or more demands under this Guarantee.

WAV-SunTx Conoil Payment Guarantee, **Exhibit 14**, at ¶4.

59.     SunTx's obligations under the WAV-SunTx Conoil Payment Guarantee encompass all of the Guaranteed Obligations (as defined therein), regardless of whether such liability or payment date arises before or after the WAV-SunTx Conoil Payment Guarantee's effective date. *See id.* at ¶6.

60.     Payments made pursuant to the WAV-SunTx Conoil Payment Guarantee are to be made in United States Dollars, regardless of the currency of the original invoice.  *See id.* at ¶¶7 and 9.  The WAV-SunTx Conoil Payment Guarantee further provides that Nigerian Naira are to be converted to United States Dollars at an exchange rate of US$1 to 220 Nigerian Naira.  *See id.* at ¶9.

61.     The WAV-SunTx Conoil Payment Guarantee is to be governed and construed under Texas law.  *See id.* at ¶17.  The WAV-SunTx Conoil Payment Guarantee further provides that any disputes arising thereunder shall be subject to the jurisdiction of the United States District Court for the Southern District of Texas, Houston Division.  *See id.*

**C. *Ranger Subsea's Breach of Its Payment Obligations Under the Conoil Charterparties***

62.     The payment terms set forth in the Conoil Charterparties require payment by Ranger Subsea to WAV within thirty (30) days of receipt of WAV's invoice.  *See* **Exhibits 11-13**, at Part I, Box 24 and Part II, ¶12(e).

63.     Ranger Subsea has breached its payment obligations by failing to make payments in accordance with the terms of the Conoil Charterparties.  Specifically, Ranger Subsea owes the principal amount of WAV NAI 5,455,509,047.08 (approximately $24,797,768.40 at the applicable contract exchange rate).

64.     In addition to the principal amount owing under the Conoil Charterparties, WAV is entitled to interest on the outstanding amount at a rate of 9% + LIBOR.  *See* **Exhibits 11-13**, Part I, Box 25 and Part II, 12(e).     As of the filing of this Original Complaint, the total amount due from Ranger Subsea under the Conoil Charterparties, including interest, is $25,987,760.51 (the "Conoil Charterparties Debt").

65. The Conoil Charterparties Debt is a Guaranteed Obligation under the WAV-Ranger Conoil Payment Guarantee and the Wav-SunTx Conoil Payment Guarantee.

66. Ranger is liable for the entirety of the Conoil Charterparties Debt under the WAV-Ranger Conoil Payment Guarantee.

67. SunTx is liable for the entirety of the Conoil Charterparties Debt under the WAV-SunTx Conoil Payment Guarantee.

68. WAV has made demand on Ranger under the WAV-Ranger Conoil Payment Guarantee. To date, Ranger has not paid any portion of the Conoil Charterparties Debt.

69. WAV has made demand on SunTx under the WAV-SunTx Conoil Payment Guarantee. To date, SunTx has not paid any portion of the Conoil Charterparties Debt.

**(IV)** **THE CONOIL PROJECT: THE CONOIL SERVICES AGREEMENT**

**A.** *__STG-Ranger Conoil Payment Guarantee__*

70. STG and Ranger are parties to the Payment Guarantee (Parent), dated February 16, 2016 (the "STG-Ranger Conoil Payment Guarantee"), whereby Ranger guaranteed Ranger International's obligations to STG under the Equipment Rental and Personnel Services Agreement dated February 13, 2016 (the "Ranger-Conoil Services Agreement") entered in connection with the Conoil project. *See* STG-Ranger Conoil Payment Guarantee, attached hereto as **Exhibit 15**, at Recitals; *see also,* the Ranger-Conoil Services Agreement, attached hereto as **Exhibit 16**.

71. Pursuant to the STG-Ranger Conoil Payment Guarantee, Ranger has waived its right to challenge the validity and legally binding nature of the Ranger-Conoil Services Agreement. *See* STG-Ranger Conoil Payment Guarantee, **Exhibit 15**, at ¶1. Further, Ranger has accepted and agreed that the Ranger-Conoil Services Agreement is legally enforceable by STG against Ranger International. *See id.*

72.     The STG-Ranger Conoil Payment Guarantee further states:

> **Guarantee**.     [Ranger] hereby unconditionally acknowledges that [Ranger International] is indebted to [STG] under the [Ranger-Conoil Services Agreement] for the amounts set out in the Statement of Account attached hereto as at the dates described therein.  [Ranger] acknowledges that the Statement of Account is accurate and that the sums which are said to be due and owing are admitted debts of [Ranger International], are not contested and that [Ranger International] has no right of set-off, deduction or other claim or defence in respect thereof except as may be expressly agreed in writing between [Ranger International] and [STG] or may have been determined by a competent tribunal under the [Ranger-Conoil Services Agreement].  [Ranger] hereby unconditionally and irrevocably guarantees as primary obligor and not merely as surety, to [STG], its successors and assigns: the full and prompt performance by [Ranger International], its successors and assigns, for:  the full payment of all amounts due from [Ranger International] to [STG] under the [Ranger-Conoil Services Agreement] and which are outstanding, and all future payments that become due under the [Ranger-Conoil Services Agreement]    by [Ranger International] whether or not invoices in respect of such amounts have been issued as of the date of this Guarantee ("Guaranteed Obligations"). [Ranger] shall pay in full and satisfy such Guaranteed Obligations on [STG's] first written demand.  [STG] shall not be required to make or pursue any claim against [Ranger International] or any other Person prior to making a demand under this Guarantee.  [STG] may make one or more demands under this Guarantee.

STG-Ranger Conoil Payment Guarantee, **Exhibit 15**, at ¶4.

73.     Ranger's obligations under the STG-Ranger Conoil Payment Guarantee encompass all of the Guaranteed Obligations (as defined therein), regardless of whether such liability or payment date arises before or after the STG-Ranger Conoil Payment Guarantee's effective date. *See id.* at ¶6.

74.     The STG-Ranger Conoil Payment Guarantee is to be governed and construed under Texas law.  *See id.* at ¶16.  The WAV-Ranger Conoil Payment Guarantee further provides that any disputes arising thereunder shall be subject to the jurisdiction of the United States District Court for the Southern District of Texas, Houston Division.  *See id.*

**B.** *STG-SunTx Conoil Payment Guarantee*

75.     Ranger Limited's obligations to STG under the Conoil Services Agreement are also guaranteed by SunTx under the Payment Guarantee (Parent), dated February 16, 2016 (the "STG-SunTx Conoil Payment Guarantee").  *See* STG-SunTx Conoil Payment Guarantee, attached hereto as **Exhibit 17**, at Recitals; *see also,* the Ranger-Conoil Services Agreement, attached hereto as **Exhibit 16**.

76.     Pursuant to the STG-SunTx Conoil Payment Guarantee, SunTx has waived its right to challenge the validity and legally binding nature of the Conoil Services Agreement.  *See* STG-Ranger Conoil Payment Guarantee, **Exhibit 17**, at ¶1.  Further, SunTX has accepted and agreed that the Ranger-Conoil Services Agreement is legally enforceable by STG against Ranger International.  *See id.*

77.     The STG-SunTx Conoil Payment Guarantee further states:

> **Guarantee**.   [SunTX] hereby unconditionally acknowledges that [Ranger International] is indebted to [STG] under the [Ranger-Conoil Services Agreement] for the amounts set out in the Statement of Account attached hereto as at the dates described therein.  [SunTX] acknowledges that the Statement of Account is accurate and that the sums which are said to be due and owing are admitted debts of [Ranger International], are not contested and that [Ranger International] has no right of set-off, deduction or other claim or defence in respect thereof except as may be expressly agreed in writing between [Ranger International] and [STG] or may have been determined by a competent tribunal under the [Ranger-Conoil Services Agreement].   [SunTX] hereby unconditionally and irrevocably guarantees as primary obligor and not merely as surety, to [STG], its successors and assigns:  the full and prompt performance by [Ranger International], its successors and assigns, for:  the full payment of all amounts due from [Ranger International] to [STG] under the [Ranger-Conoil Services Agreement] and which are outstanding, and all future payments that become due under the  [Ranger-Conoil  Services  Agreement]    by  [Ranger International] whether or not invoices in respect of such amounts have been issued as of the date of this Guarantee ("Guaranteed Obligations").  [SunTX] shall pay in full and satisfy such Guaranteed Obligations on [STG's] first written demand.  [STG] shall not be required to make or

pursue any claim against [Ranger International] or any other Person prior to making a demand under this Guarantee. [STG] may make one or more demands under this Guarantee.

STG-Ranger Conoil Payment Guarantee, **Exhibit 17,** at ¶4.

78. Ranger's obligations under the STG-SunTx Conoil Payment Guarantee encompass all of the Guaranteed Obligations (as defined therein), regardless of whether such liability or payment date arises before or after the STG-SunTx Conoil Payment Guarantee's effective date. *See id.* at ¶6.

79. The STG-SunTx Conoil Payment Guarantee is to be governed and construed under Texas law. *See id.* at ¶15. The STG-SunTx Conoil Payment Guarantee further provides that any disputes arising thereunder shall be subject to the jurisdiction of the United States District Court for the Southern District of Texas, Houston Division. *See id.*

## C. *Ranger International's Breach of Its Payment Obligations Under the Conoil Services Agreement*

80. The payment terms set forth in the Ranger-Conoil Services Agreement require payment by Ranger International to STG in arrears on the first day of every month. *See* Ranger-Conoil Services Agreement, **Exhibit 16,** at ¶3.2.

81. Ranger International has breached its payment obligations by failing to make payments in accordance with the terms of the Ranger-Conoil Services Agreement. Specifically, Ranger International owes the principal amount of $4,369,870.71 to STG under the Ranger-Conoil Services Agreement.

82. In addition to the principal amount owing under the Ranger-Conoil Services Agreement, STG is entitled to interest on the outstanding amount at a rate of 10% per annum. *See,* Ranger-Conoil Services Agreement, **Exhibit 16,** at ¶3.3. As of the filing of this Original

Complaint, the total amount due from Ranger International under the Ranger-Conoil Services Agreement, including interest, is $4,549,472.62 (the "Ranger-Conoil Services Agreement Debt").

83. The Ranger-Conoil Services Agreement Debt is a Guaranteed Obligation under the STG-Ranger Conoil Payment Guarantee and the STG-SunTx Conoil Payment Guarantee.

84. Ranger is liable for the entirety of the Ranger-Conoil Services Agreement Debt under the STG-Ranger Conoil Payment Guarantee.

85. SunTx is liable for the entirety of the Ranger-Conoil Services Agreement Debt under the STG-SunTx Conoil Payment Guarantee.

86. STG has made demand on Ranger under the STG-Ranger Conoil Payment Guarantee. To date, Ranger has not paid any portion of the Ranger-Conoil Services Agreement Debt.

87. STG has made demand on SunTx under the STG-SunTx Conoil Payment Guarantee. To date, SunTx has not paid any portion of the Ranger-Conoil Services Agreement Debt.

## CAUSES OF ACTION

### Count No. 1 – Breach of Contract: WAV-Ranger Shell Payment Guarantee

88. Plaintiffs incorporate the above numbered paragraphs 1 through 87 as if fully set forth here.

89. The WAV-Ranger Shell Payment Guarantee is a valid and enforceable contract. Ranger guaranteed Ranger Subsea's performance of its obligations under the Shell Charterparties, including Ranger Subsea's obligation to make payment to WAV in accordance with the payment terms set forth therein. Moreover, Ranger undertook this liability as a primary obligor. Therefore, Ranger is liable for the payments Ranger Subsea owes to WAV under the Shell Charterparties.

90.     WAV has fully performed its contractual obligations under the WAV-Ranger Shell Payment Guarantee and the Shell Charterparties.

91.     Ranger Subsea has breached its payment obligations under the Shell Charterparties and the Shell Charterparties Debt remains due and owing.

92.     The Shell Charterparties Debt consists of principal in the amount of NAI 188,772,884.79 (approximately $898,918.50 at the applicable contract exchange rate) and accrued interest in the amount of $36,021.64.

93.     Ranger is liable for the Shell Charterparties Debt under the WAV-Ranger Shell Payment Guarantee.

94.     Despite demand, Ranger has not paid any portion of the Shell Charterparties Debt.

95.     Ranger has materially breached the WAV-Ranger Shell Payment Guarantee by failing to satisfy Ranger Subsea's indebtedness under the Shell Charterparties upon WAV's written demand.

96.     Ranger's breach has caused injury to WAV, resulting in actual damages.

97.     WAV seeks damages in the amount of the Shell Charterparties Debt plus interest, which continues to accrue.

**Count No. 2 – Breach of Contract:  WAV-SunTx Shell Payment Guarantee**

98.     Plaintiffs incorporate the above numbered paragraphs 1 through 97 as if fully set forth here.

99.     The WAV-SunTx Shell Payment Guarantee is a valid and enforceable contract. SunTx guaranteed Ranger Subsea' performance of its obligations under the Shell Charterparties, including Ranger Subsea's obligation to make payment to WAV in accordance with the payment

terms set forth therein. Moreover, SunTx undertook this liability as a primary obligor. Therefore, SunTx is liable for the payments Ranger Subsea owes to WAV under the Shell Charterparties.

100. WAV has fully performed its contractual obligations under the WAV-SunTx Shell Payment Guarantee and the Shell Charterparties.

101. Ranger Subsea has breached its payment obligations under the Shell Charterparties and the Shell Charterparties Debt remains due and owing.

102. The Shell Charterparties Debt consists of principal in the amount of NAI 188,772,884.79 (approximately $898,918.50 at the applicable contract exchange rate) and accrued interest in the amount of $36,021.64.

103. SunTx is liable for the Shell Charterparties Debt under the WAV-SunTx Shell Payment Guarantee.

104. Despite demand, SunTx has not paid any portion of the Shell Charterparties Debt.

105. SunTx has materially breached the WAV-SunTx Shell Payment Guarantee by failing to satisfy Ranger Subsea's indebtedness under the Shell Charterparties upon WAV's written demand.

106. SunTx's breach has caused injury to WAV, resulting in actual damages.

107. WAV seeks damages in the amount of the Shell Charterparties Debt plus interest, which continues to accrue.

## Count No. 3 – Breach of Contract: STG-Ranger Shell Payment Guarantee

108. Plaintiffs incorporate the above numbered paragraphs 1 through 107 as if fully set forth here.

109. The STG-Ranger Shell Payment Guarantee is a valid and enforceable contract. Ranger guaranteed Ranger International's performance of its obligations under the Ranger-Shell

Services Agreement, including Ranger International's obligation to make payment to STG in accordance with the payment terms set forth therein. Moreover, Ranger undertook this liability as a primary obligor. Therefore, Ranger is liable for the payments Ranger International owes to STG under the Ranger-Shell Services Agreement.

110. STG has fully performed its contractual obligations under the STG-Ranger Shell Payment Guarantee and the Ranger-Shell Services Agreement.

111. Ranger International has breached its payment obligations under the Ranger-Shell Services Agreement and the Ranger-Shell Services Agreement Debt remains due and owing.

112. The Ranger-Shell Services Agreement Debt consists of principal in the amount of $585,304.04 and accrued interest in the amount of $52,994.73.

113. Ranger is liable for the Ranger-Shell Services Agreement Debt under the STG-Ranger Shell Payment Guarantee.

114. Despite demand, Ranger has not paid any portion of the Ranger-Shell Services Agreement Debt.

115. Ranger has materially breached the STG-Ranger Shell Payment Guarantee by failing to satisfy Ranger International's indebtedness under the Ranger-Shell Services Agreement upon STG's written demand.

116. Ranger's breach has caused injury to STG, resulting in actual damages.

117. STG seeks damages in the amount of the Ranger-Shell Services Agreement Debt plus interest, which continues to accrue.

**Count No. 4 – Breach of Contract: STG-SunTx Shell Payment Guarantee**

118. Plaintiffs incorporate the above numbered paragraphs 1 through 117 as if fully set forth here.

119. The STG-SunTx Shell Payment Guarantee is a valid and enforceable contract. SunTx guaranteed Ranger International's performance of its obligations under the Ranger-Shell Services Agreement, including Ranger International's obligation to make payment to STG in accordance with the payment terms set forth therein. Moreover, SunTx undertook this liability as a primary obligor. Therefore, SunTx is liable for the payments Ranger International owes to STG under the Ranger-Shell Services Agreement.

120. STG has fully performed its contractual obligations under the STG-SunTx Shell Payment Guarantee and the Ranger-Shell Services Agreement.

121. Ranger International has breached its payment obligations under the Ranger-Shell Services Agreement and the Ranger-Shell Services Agreement Debt remains due and owing.

122. The Ranger-Shell Services Agreement Debt consists of principal in the amount of $585,304.04 and accrued interest in the amount of $52,994.73.

123. SunTx is liable for the Ranger-Shell Services Agreement Debt under the STG-SunTx Shell Payment Guarantee.

124. Despite demand, SunTx has not paid any portion of the Ranger-Shell Services Agreement Debt.

125. SunTx has materially breached the STG-SunTx Shell Payment Guarantee by failing to satisfy Ranger International's indebtedness under the Ranger-Shell Services Agreement upon STG's written demand.

126. SunTx's breach has caused injury to STG, resulting in actual damages.

127. STG seeks damages in the amount of the Ranger-Shell Services Agreement Debt plus interest, which continues to accrue.

**Count No. 5 – Breach of Contract:  WAV-Ranger Conoil Payment Guarantee**

128.    Plaintiffs incorporate the above numbered paragraphs 1 through 127 as if fully set forth here.

129.    The WAV-Ranger Conoil Payment Guarantee is a valid and enforceable contract. Ranger guaranteed Ranger Subsea's performance of its obligations under the Conoil Charterparties, including Ranger Subsea's obligation to make payment to WAV in accordance with the payment terms set forth therein.  Moreover, Ranger undertook this liability as a primary obligor.  Therefore, Ranger is liable for the payments Ranger Subsea owes to WAV under the Conoil Charterparties.

130.    WAV has fully performed its contractual obligations under the WAV-Ranger Conoil Payment Guarantee and the Conoil Charterparties.

131.    Ranger Subsea has breached its payment obligations under the Conoil Charterparties and the Conoil Charterparties Debt remains due and owing.

132.    The Conoil Charterparties Debt consists of principal in the amount of NAI 5,455,509,047.08 (approximately $24,797,768.40  at the applicable contract exchange rate) and accrued interest in the amount of $1,189,992.12.

133.    Ranger is liable for the Conoil Charterparties Debt under the WAV-Ranger Conoil Payment Guarantee.

134.    Despite demand, Ranger has not paid any portion of the Conoil Charterparties Debt.

135.    Ranger has materially breached the WAV-Ranger Conoil Payment Guarantee by failing to satisfy Ranger Subsea's indebtedness under the Conoil Charterparties upon WAV's written demand.

136.    Ranger's breach has caused injury to WAV, resulting in actual damages.

137.    WAV seeks damages in the amount of the Conoil Charterparties Debt plus interest, which continues to accrue.

**Count No. 6 – Breach of Contract:  WAV-SunTx Conoil Payment Guarantee**

138.    Plaintiffs incorporate the above numbered paragraphs 1 through 137 as if fully set forth here.

139.    The WAV-SunTx Conoil Payment Guarantee is a valid and enforceable contract. SunTx guaranteed Ranger Subsea's performance of its obligations under the Conoil Charterparties, including Ranger Subsea's obligation to make payment to WAV in accordance with the payment terms set forth therein.  Moreover, SunTx undertook this liability as a primary obligor.  Therefore, SunTx is liable for the payments Ranger Subsea owes to WAV under the Conoil Charterparties.

140.    WAV has fully performed its contractual obligations under the WAV-SunTx Conoil Payment Guarantee and the Conoil Charterparties.

141.    Ranger Subsea has breached its payment obligations under the Conoil Charterparties and the Conoil Charterparties Debt remains due and owing.

142.    The Conoil Charterparties Debt consists of principal in the amount of NAI 5,455,509,047.08 (approximately $24,797,768.40 at the applicable contract exchange rate) and accrued interest in the amount of $1,189,992.12.

143.    SunTx is liable for the Conoil Charterparties Debt under the WAV-SunTx Conoil Payment Guarantee.

144.    Despite demand, SunTx has not paid any portion of the Conoil Charterparties Debt.

145.    SunTx has materially breached the WAV-SunTx Conoil Payment Guarantee by failing to satisfy Ranger Subsea's indebtedness under the Conoil Charterparties upon WAV's written demand.

146. SunTx's breach has caused injury to WAV, resulting in actual damages.

147. WAV seeks damages in the amount of the Conoil Charterparties Debt plus interest, which continues to accrue.

**Count No. 7 – Breach of Contract:  STG-Ranger Conoil Payment Guarantee**

148. Plaintiffs incorporate the above numbered paragraphs 1 through 147 as if fully set forth here.

149. The STG-Ranger Conoil Payment Guarantee is a valid and enforceable contract. Ranger guaranteed Ranger International's performance of its obligations under the Ranger-Conoil Services Agreement, including Ranger International's obligation to make payment to STG in accordance with the payment terms set forth therein.  Moreover, Ranger undertook this liability as a primary obligor.  Therefore, Ranger is liable for the payments Ranger International owes to STG under the Ranger-Conoil Services Agreement.

150. STG has fully performed its contractual obligations under the STG-Ranger Conoil Payment Guarantee and the Ranger-Conoil Services Agreement.

151. Ranger International has breached its payment obligations under the Ranger-Conoil Services Agreement and the Ranger-Conoil Services Agreement Debt remains due and owing.

152. The Ranger-Conoil Services Agreement Debt consists of principal in the amount of $4,369,870.71 and accrued interest in the amount of $179,601.91.

153. Ranger is liable for the Ranger-Conoil Services Agreement Debt under the STG-Ranger Conoil Payment Guarantee.

154. Despite demand, Ranger has not paid any portion of the Ranger-Conoil Services Agreement Debt.

155.     Ranger has materially breached the STG-Ranger Conoil Payment Guarantee by failing to satisfy Ranger International's indebtedness under the Ranger-Conoil Services Agreement upon STG's written demand.

156.     Ranger's breach has caused injury to STG, resulting in actual damages.

157.     STG seeks damages in the amount of the Ranger-Conoil Services Agreement Debt plus interest, which continues to accrue.

**Count No. 8 – Breach of Contract:  STG-SunTx Conoil Payment Guarantee**

158.     Plaintiffs incorporate the above numbered paragraphs 1 through 157 as if fully set forth here.

159.     The STG-SunTx Conoil Payment Guarantee is a valid and enforceable contract. SunTx guaranteed Ranger International's performance of its obligations under the Ranger-Conoil Services Agreement, including Ranger International's obligation to make payment to STG in accordance with the payment terms set forth therein.  Moreover, SunTx undertook this liability as a primary obligor.  Therefore, SunTx is liable for the payments Ranger International owes to STG under the Ranger-Conoil Services Agreement.

160.     STG has fully performed its contractual obligations under the STG-SunTx Conoil Payment Guarantee and the Ranger-Conoil Services Agreement.

161.     Ranger International has breached its payment obligations under the Ranger-Conoil Services Agreement and the Ranger-Conoil Services Agreement Debt remains due and owing.

162.     The Ranger-Conoil Services Agreement Debt consists of principal in the amount of $4,369,870.71 and accrued interest in the amount of $179,601.91.

163.     SunTx is liable for the Ranger-Conoil Services Agreement Debt under the STG-SunTx Conoil Payment Guarantee.

164.     Despite demand, SunTx has not paid any portion of the Ranger-Conoil Services Agreement Debt.

165.     SunTx has materially breached the STG-SunTx Conoil Payment Guarantee by failing to satisfy Ranger International's indebtedness under the Ranger-Conoil Services Agreement upon STG's written demand.

166.     SunTx's breach has caused injury to STG, resulting in actual damages.

167.     STG seeks damages in the amount of the Ranger-Conoil Services Agreement Debt plus interest, which continues to accrue.

### SUMMARY OF DAMAGES CLAIMED

168.     Plaintiffs incorporate the above numbered paragraphs 1 through 131 as if fully set forth here.

169.     As a result of the breaches of the contracts detailed above, Plaintiffs are entitled to the following amounts from Ranger and/or SunTX:

| Contracts | Amount in NAI | Amount in US$ | Interest as of 02.15.17 (US$) | Total |
|---|---|---|---|---|
| Shell Charterparties | 188,772,884.79 | $898,918.50 | $36,021.64 | $934,940.13 |
| Ranger-Shell Services Agreement | n/a | $585,304.04 | $52,994.73 | $638,298.77 |
| Conoil Charterparties | 5,455,509,047.08 | $24,797,768.40 | $1,189,992.12 | $25,987,760.51 |
| Ranger-Conoil Services Agreement | n/a | $4,369,870.71 | $179,601.91 | $4,549,472.62 |
| **TOTAL OWED** | | $30,651,861.65 | $1,458,610.40 | $32,110,472.04 |

170.     Therefore, as of February 20, 2017, Plaintiffs are entitled to $32,110,472.04 with interest accruing.

## ATTORNEYS' FEES

171.    Plaintiffs incorporate the above numbered paragraphs 1 through 170 as if fully set forth here.

172.    As a result of the breaches of the contracts detailed above, Plaintiffs are entitled to attorneys' fees and costs pursuant to Chapter 38.001 of the Texas Civil Practice and Remedies Code and/or other applicable law.

## PRAYER FOR RELIEF

WHEREFORE, West African Ventures Limited and Sea Trucks Group FZE pray that, upon trial hereof, they recover from Ranger Offshore, Inc. and SunTx Capital Partners II GP, LP all damages, including, but not limited to, approximately $32 million dollars, as well as reasonable attorneys' fees, pre and post-judgment interest, court costs and all other damages and/or relief to which Plaintiffs show themselves justly entitled as a matter of law and/or equity.

Respectfully submitted,

**BLAND & PARTNERS PLLC**

*/s/ Matthew C. Guy*
MATTHEW C. GUY
Texas Bar No. 24050702
SDTX Bar No. 622802
mguy@blandpartners.com
ALLISON R. COLÓN
Texas Bar No. 24012446
SDTX Bar No. 24299
acolon@blandpartners.com
JACK BYROM
Texas Bar No. 2408273
SDTX Bar No. 2406693
jbyrom@blandpartners.com
1717 St. James Place, Suite 360
Houston, Texas 77056
Telephone: (713) 627-7100
Facsimile: (713) 627-7148

*Attorneys for West African Ventures Limited and*
*Sea Trucks Group FZE*