UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| WEST AFRICAN VENTURES LIMITED, *et al*, <br><br> Plaintiffs, <br> VS. <br><br> RANGER OFFSHORE, INC., *et al*, <br><br> Defendants. | CIVIL ACTION NO. 4:17-CV-00548 |

## ORDER

Before the Court is Defendant's ("SunTx") Motion to Dismiss Plaintiff's Complaint (Doc. #10) and Supplement (Doc. #27), Plaintiff's ("WAV") Response (Doc. #14) and Supplement (Doc. #25), and Plaintiff's Reply in Opposition (Doc. #35). After reviewing counsels' arguments and the applicable legal authority, the Court denies Defendant's Motion to Dismiss Plaintiff's Complaint.

### I. Background

West African Ventures Limited ("WAV") and Sea Trucks Group FZE brought suit seeking to enforce payment guarantees against Ranger Offshore, Inc. and SunTx relating to oil and gas production offshore Nigeria, Africa. Doc. #14 at 1. WAV alleges it is a corporation organized under the laws of Nigeria, with its principal place of business in Lagos, Nigeria. Doc. #1. SunTx is a Texas limited partnership with its principal place of business in Dallas, Texas. *Id.* Defendant Ranger Offshore, Inc. is a Delaware corporation with its principal place of business in Texas. *Id.* at 2. SunTx argues that WAV insufficiently alleged its corporate form and citizenship and now moves to dismiss the case for lack of subject matter jurisdiction. SunTx argues that

WAV provided contradictory statements concerning its corporate form and thus did not satisfy its burden of establishing diversity sufficient to invoke the Court's jurisdiction.[1] Doc. #10 at 1–2.

SunTx concedes that if WAV proves it is a corporation, it has met its burden of establishing jurisdiction. However, if WAV is a limited liability company, SunTx contends that WAV must plead the citizenship of its individual members. Doc. #10 at 3. *Compare* 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State and foreign state by which is has been incorporated and of the State or foreign state where it has its principal place of business . . ."), *with Carden v. Arkoma Assocs.*, 494 U.S. 185, 195–96 (1990) (holding "that the citizenship of an unincorporated entity or association, such as a partnership, is based upon the citizenship of each of its members.").

Therefore, the question before the Court is whether WAV is more like a corporation for the purpose of establishing citizenship (and jurisdiction has been sufficiently pled) or it is more like a partnership or limited liability company and would therefore be required to plead the citizenship of its individual members.

## II. Legal Standard

The burden to allege complete diversity lies with the party invoking the Court's jurisdiction. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001). However, problems with jurisdictional allegations arise when parties assume foreign countries have business entities that enjoy corporate status as the United States understands it. *White Pearl Inversiones, S.A. v. Cemusa, Inc.*, 647 F.3d 684, 686 (7th Cir. 2011). Foreign business entities present some

---

[1] SunTx refers to Deeds of Assignment attached to WAV's Complaint that list it as a limited liability company. Doc. #1 at Ex. 2–4. Other documents list WAV as a limited company and the Complaint states it is a corporation. Due to the contradictory assertions concerning WAV's business form, SunTx argues that WAV has not properly pled its citizenship if it is in fact a limited liability company as opposed to a corporation.

difficulty for courts in the area of determining citizenship for the purpose of subject matter jurisdiction due to having business forms not identical to those of the United States. *See Id.* (stating "[n]ot even the United Kingdom has a business form that is exactly equal to that of a corporation."). In order for a foreign business entity to be considered a corporation as opposed to an unincorporated entity for the purpose of establishing its citizenship, the Court must determine whether a foreign business has attributes sufficiently similar to those of a corporation organized in the United States. *Lear Corp. v. Johnson Electric Holdings, Ltd.*, 353 F.3d 580, 582 (7th Cir. 2003). Attributes of a United States corporation (which distinguish the business from a limited liability company) that courts have considered when evaluating foreign business entities are: "indefinite existence, personhood (the right to contract and litigate in its own name), limited liability for equity investors, and alienable shares, among other features." *Banks v. Janssen Research & Dev. L.L.C.*, 2014 WL 6608340, at *4 (S.D. Ala. Nov. 20, 2014) (citing *Fellowes, Inc. v. Changzhou Xinrui Fellowes Office Equip. Co.*, 759 F.3d 787, 788 (7th Cir. 2014).

### III. Analysis of WAV's Corporate Form

WAV is a limited company incorporated under the laws of Nigeria, established under the Nigerian Companies and Allied Matters Act 2004 (formerly the Nigerian Companies and Allied Matters Act 1990) ("NCAMA"). Doc. #25, Ex. 1 at ¶ 6. Companies incorporated under NCAMA are entities with legal personhood (able to contract and litigate as a natural person).[2] WAV is managed by directors and officers and owned by shareholders (also referred to as members). Doc. #25, Ex.1 at ¶ 6. WAV also appears to have perpetual existence.[3] Doc. #25, Ex. B.

---

[2] Nigerian Companies and Allied Matters Act (1990) Cap. (59) (Nigeria), *available at* http://www.nigeria-law.org/CompaniesAndAlliedMattersAct.htm., at ¶¶ 37, 38(1), 65, 71(1).
[3] Companies registered under NCAMA have "perpetual succession." *Id.* at ¶ 37.

3

WAV's Certificate of Incorporation indicates that it is a "private company" and "the liability of the members is limited by shares." Doc. #25, Ex. A, Ex. B at 10 ¶¶ 4–5. NCAMA states, "the shares or other interests of a member in a company shall be properly transferable in the manner provided in articles of association of the company."[4] Under its articles of association, WAV's shares are alienable with certain restrictions as a private company. Id. at Ex. B.[5]

After reviewing WAV's incorporation documents, NCAMA, and the affidavit of WAV's legal counsel in Nigeria, the Court finds that WAV (a Nigerian limited company) has demonstrated it is a corporation for the purpose of determining its citizenship. As discussed above, WAV is an entity with legal personhood, perpetual existence, governed by a Board of Directors, with transferable shares, and thus it has attributes similar to a United States corporation.

## IV. Conclusion

Because the Court finds WAV has attributes sufficiently similar to that of a corporation, WAV properly pled its citizenship and demonstrated that complete diversity exists between the parties. For the foregoing reasons, Defendant's Motion to Dismiss is DENIED.

It is so ORDERED.

DEC 1 3 2017
Date

The Honorable Alfred H. Bennett
United States District Judge

---

[4] Id. at Part VI ¶ 115.
[5] WAV's attached Memorandum and Articles of Association discuss the transferability of shares. See e.g. Doc. #25, Ex. B. at 14 ¶ 3(a)–(d), 18–19 ¶¶ 20–23.